The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  2:19-cr-00035-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| RHETT IRONS, | |
| Defendant. | |

This matter comes before the Court on Defendant Rhett Irons' motion for compassionate release.  Dkt. 442.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Irons is an inmate currently detained at Federal Prison Camp Yankton, with a projected release date of November 29, 2029.  On December 12, 2019, after a four-day trial, a jury found Mr. Irons guilty of one count of Conspiracy to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846; one count of Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and one count of Possession of Fentanyl with Intent to Distribute Committed in Furtherance of a Conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, and Title 18,

ORDER - 1

United States Code, Section 2.  Dkt. 220.  On March 6, 2020, this Court sentenced Mr. Irons to a total term of 180 months of imprisonment, to be followed by five years of supervised release.  Dkt. 261.

Mr. Irons appealed his conviction.  The Ninth Circuit affirmed the drug trafficking convictions, but reversed his conviction on the firearm count and remanded for a new trial on that count.  Dkt. 348.  On March 2, 2023, after a four-day trial, a jury acquitted Mr. Irons of the firearm count.  Dkt. 402.  At Mr. Irons' resentencing on April 7, 2023, the Court sentenced Mr. Irons to 120 months in custody, to be followed by five years of supervised release.  Dkt. 418.  Mr. Irons now moves for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served or, in the alternative, to a term permitting an immediate transfer to home confinement.  Dkt. 442.  The government opposes Mr. Irons' motion.  Dkt. 444.

## II. DISCUSSION

### A.    Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).

The criminal justice system relies on the finality of judgments. Once imposed, a sentence can be modified only in very limited circumstances. "With 18 U.S.C. 3582(c)(1)(A), Congress provided one such 'narrow' exception – usually called compassionate release – for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citations omitted).

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only "provided he first exhausts administrative remedies within the BOP. *Id.*  A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020).  The administrative exhaustion requirement is "a mandatory claims processing

rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Assuming a defendant exhausts their administrative remedies, a compassionate release is discretionary, provided three conditions are met. *Bryant*, 144 F.4th at 1123. "First, the district court must find 'extraordinary and compelling reasons' warrant a sentence reduction. Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must consider the sentencing factors in 18 U.S.C. 3553(a) – including the nature of the offense and the defendant's characteristics – to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.' The district court may deny defendant's motion if he fails to satisfy any of these conditions." *Id.*

In 2023, the Commission revised USSG § 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *Bryant*, 144 F.4th at 144.

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The notes state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

ORDER - 3

As amended, and a prong upon Mr. Irons' motion relies, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

> (3) Family Circumstances of the Defendant.–
>
>> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. § 1B1.13(b)(3)(A).

Mr. Irons' motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Irons' motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

ORDER - 4

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

The defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Newman*, 2024 WL 812041 (S.D.Ga 2024).

### B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Irons' compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Irons states he has exhausted his administrative remedies by submitting a request for compassionate release to the warden of his institution. Dkt. 442, p. 9-10. The evidence establishes that Mr. Irons sent a request for compassionate release to the warden of his facility, and his request was denied. Dkt. 444-1.

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Irons' term of imprisonment. *See* 18 U.S.C. § 582(c)(1)(A)(i); USSG § 1B1.13.

Mr. Irons argues that he has presented an extraordinary and compelling reason to grant his immediate release on three grounds: (1) that he is needed at home to care for his two minor sons, as his youngest son's mother has "abandoned the home"; (2) that his

ORDER - 5

sentence was excessive and disparate when compared to those imposed upon his co-defendants; and (3) that he has achieved rehabilitation through a lack of discipline while incarcerated, his participation in vocational programming, and his classification as a minimal risk of recidivism.  Dkt. 442.

The government opposes Mr. Irons' motion, arguing that he has failed to establish there are extraordinary and compelling circumstances justifying his release given that his two minor children are currently residing with Mr. Irons' sister, who also cared for the children after his 2019 arrest; that the Court has previously determined there is no disparity in the sentencings of Mr. Irons and his co-defendants and that there has been no change in circumstances or law that compels the Court to revisit the issue; and that he has been disciplined for infractions while in custody.  Dkt. 444.  Mr. Irons did not file a reply to the government's opposition.

The Court agrees with the government's analysis.  Mr. Irons' justifications fail to meet the legal or factual requirements to warrant the relief he requests.

In his motion, Mr. Irons claims that he is the "only available legal parent for his two minor children" and "[t]here is no other adult with legal custody or authority to provide for these boys," as his fiancée has no parental status and "[e]xtended family members are elderly or unable to take on full-time care."  Dkt. 444.  However, other than his own statement, Mr. Irons provides no evidence to support these claims.  In fact, Mr. Irons omitted the information that his two minor children are currently being cared for by his sister.  The evidence establishes that the two minor children are currently in state custody, with temporary care being provided by Mr. Irons' sister.  Dkt. 444-1.

As to Mr. Irons' claim of sentencing disparity, upon resentencing after his second trial, he was sentenced to 120 months of imprisonment, the mandatory minimum sentence for his crimes of conviction and far below the Sentencing Guidelines range of 292 to 365 months.  At the time of sentencing the Court addressed this issue and set forth the ways in which Mr. Irons was distinguishable from his co-defendants, specifically that his co-defendants provided cooperation to law enforcement and the government in the

ORDER - 6

investigation of this matter, and that they were involved in the distribution of significantly smaller quantities of narcotics than Mr. Irons.

While the Court commends Mr. Irons on his efforts toward rehabilitation, the Court finds that his claim of a "flawless" disciplinary record is misleading given the evidence provided by the government that he was sanctioned in June 2023 for possession of an unauthorized item and in August 2024 for possession of a non-hazardous tool. Dkt. 444-2. While these violations appear to be relatively minor, Mr. Irons' lack of candor regarding his disciplinary record while in custody, combined with the omission of relevant information as to the current caregiver of his minor children, raise concerns for this Court as to Mr. Irons' credibility in considering his motion for early release.

**D. Safety of Others**

Having made the determination that Mr. Irons has failed to meet his burden to support compassionate release, there is no need for this Court to address the issue of whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

### III.  CONCLUSION

For the foregoing reasons, Defendant Rhett Irons' motion for compassionate release (Dkt. 442) is **DENIED**.

DATED this 12th day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7